IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-HC-2258-FL

| | |
|---|---|
| LANCE ADAM GOLDMAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| SUPERINTENDENT SORRELL ) | |
| SAUNDERS, ) | |
| ) | |
| Respondent. ) | |

The matter is before the court on petitioner's unopposed motions to amend the petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (DE 20, 27, 31), motion to sanction respondent (DE 21), motion for leave to file a response (DE 24), motion to withdraw (DE 26), and motion to stay (DE 29). Also before the court is respondent's motion to dismiss (DE 16), to which petitioner responded. In this posture, the issued raised are ripe for adjudication.

The court ALLOWS petitioner's first motion to amend. See Fed. R. Civ. P. 15(a). Upon a review of petitioner's pleadings, the court finds that petitioner's pleadings are unclear. Accordingly, the court DIRECTS petitioner to file one amended petition pursuant to § 2254, stating specifically each of his grounds for relief in the space provided on his § 2254 petition. The court further notifies petitioner that his amended petition will be considered his petition in its entirely, and the court will not review petitioner's other filings to glean any misplaced claims. In light of petitioner's opportunity to amend his petition, the court DENIES as moot petitioner remaining motions to amend and his motion to withdraw specific claims.

Because the court has directed petitioner to file an amended petition, respondent's motion to dismiss is DENIED as moot. Petitioner's motion for leave to respond to respondent's motion to dismiss also is DENIED as moot.

The court turns to petitioner's motion for sanctions in which he argues that respondent has "caused unnecessary delay in the instant case due to their lack of factual investigation into petitioner's memorandum in support of habeas corpus application." (DE 21), p. 1. The court has discretion to impose sanctions under Federal Rule of Civil Procedure 11. See Ost-West-Handel Bruno Bischoff GmbH v. Project Asia Line, Inc., 160 F.3d 170, 177 (4th Cir. 1998) ("The decision to impose sanctions under Rule 11 . . . is within the sound discretion of the trial court." (quotation omitted)); Ali v. Mayor's Office of Employment Dev., No. Civ. CCB-02-3097, 2004 WL 189786, at *4 (D. Md. Jan. 22, 2004). Here, petitioner's numerous filings reflect that he has access to the courts and that the action is proceeding in a timely fashion. Petitioner has not demonstrated any evidence to the contrary. Accordingly, the court finds that petitioner has failed to demonstrate prejudice, and his motion for sanctions is DENIED.

Finally, the court addresses petitioner's motion to stay the action to allow him the opportunity to exhaust his administrative remedies. It is unclear from petitioner's motion whether he is in the process of exhausting his habeas claims in state court. Accordingly, the court DENIES without prejudice petitioner's motion to stay.

In summary, petitioner's first motion to amend (DE 20) is GRANTED, but his remaining motions to amend (DE 27, 31) are DENIED as MOOT. Petitioner's motion for leave to file a response (DE 24) and motion to withdraw (DE 26) also are DENIED as MOOT. Respondent's motion to dismiss (DE 16) is DENIED. Finally, petitioner's motion to sanction respondent (DE 21)

2

is DENIED and his motion to stay (DE 29) is DENIED without prejudice. Petitioner is DIRECTED to file his amended petition on the appropriate form within fourteen (14) days of this court's order. The Clerk of Court is DIRECTED send petitioner the forms necessary to file a § 2254 petition.

SO ORDERED, this the 10th day of October, 2013.

LOUISE W. FLANAGAN
United States District Judge